## PERELMAN v MALLY

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10876.  Decided Oct 13, 1930

Kenneth & Guild, for Perelman.
R. W. Price and J. Ogrin, Cleveland, for Mally.

Judges JUSTICE & CROW (3rd Dist) and MAUCK (4th Dist) sitting.

MAUCK, J.

It is enough to say, in disposing of two assignments of error, that the amount of the judgment is not excessive and that there was an abundance of evidence to carry the case to the jury, and there was no testimony on the part of the plaintiff that raised a presumption of contributory negligence against him.

The only substantial question in issue involves the charge of the court. Not all of the errors in the court's charge are complained of in the brief or in oral argument, but the charge is clearly erroneous in several particulars. The Court erroneously brought into his instructions to the jury an ordinance relating to east and west traffic in contrast with north and south traffic, which undertakes to give east and west traffic the right of way at intersections. This ordinance was neither pleaded nor proved nor was the substance thereof urged as a ground of complaint by the plaintiff below. Reference to it in the court's instructions was consequently error. If the ordinance had been properly presented to the jury, however, it should have been accompanied by the saving provisions laid down in Heidle vs. Baldwin, 118 Oh St 375. No complaint has been made of these errors, but complaint has been made of the further charge by the court to the effect that violations of this and other ordinances referred to created a liability against the defendant. This was wrong. A violation of an ordinance creates a prima facie case of negligence, but not a prima facie case of liability. Schell vs. DuBois, 94 Oh St 93.

As the disposition of this case requires a new trial, attention is called to a further error in the charge to the prejudice of the defendant in error. The court erroneously instructed the jury that the plaintiff was bound to disprove contributory negligence. On re-trial this error should be avoided. The charge is open generally to the criticism that it was entirely too long and that clarity was sacrificed to length.

For error in the court's instruction to the jury the judgment is reversed and the case remanded for a new trial.

Carr and Justice, JJ, concur.